Criminal Case Template






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



ARACELI ARMENDARIZ AND JOSE
ARMENDARIZ,

                            Appellants,

v.

ROSA BARRAGAN,

                            Appellee.

§

§

§

§

§

No. 08-03-00223-CV

Appeal from the

358th District Court

of Ector County, Texas

(TC# D-112,653)




O P I N I O N

           This is a restricted appeal in which Appellants, Araceli and Jose Armendariz, seek to
set aside a default judgment based on defective service of process. For the reasons stated,
we vacate and remand.
I. SUMMARY OF THE EVIDENCE
           In January 2000, Appellee, Rosa Barragan, was involved in an automobile accident
near Van Horn, Culberson County, Texas. She was the right front seat passenger in a vehicle
driven by Araceli Armendariz and owned by Jose Armendariz. While attempting to avoid
another vehicle in the roadway, Araceli Armendariz exited the lanes of traffic and struck a
deer in the brush adjacent to the roadway. Appellee filed suit in January 2002, seeking
damages for pain and suffering, mental anguish, physical impairment, disfigurement, lost
wages, and medical expenses.
           On January 24, 2002, the trial court appointed Mike Bates to serve process in the
lawsuit. After attempts to serve Appellants were unsuccessful, Appellee filed her Motion for
Substituted Service under Rule 106 of the Rules of Civil Procedure. The trial court granted
the motion on May 1, 2002, authorizing “Mike Bates, and or his agents, are authorized to
serve citation, pursuant to Tex. R. Civ. P. 106, by attaching to door of abode or serving
anyone over the age of 16.” Citation was served on Araceli Armendariz and Jose
Armendariz on March 26, 2002 at 11 a.m. “by attaching securely to the front entry per Rule
106 TRCP.” Gary Thornton executed two citation return forms which were filed with the
district clerk’s office on May 21, 2002.
           On November 25, 2002, the trial court held a hearing at which Appellants failed to
appear. The trial court granted default judgment in favor of Appellee, noting that Appellants
failed to answer within the time allowed by law. Appellee was awarded $7,663.53 for past
medical damages, $25,000 for past, present, and future physical impairment, $25,000 for
past, present, and future mental pain and anguish, $4,200 for past loss of earnings, interest
at the rate of 10 percent per year, and costs of court. On May 15, 2003, Appellants filed their
notice of restricted appeal.
 

II. DISCUSSION
           Appellants present one issue: Whether a default judgment must be reversed when a
plaintiff fails to carry its burden of showing strict compliance with the Texas Rules of Civil
Procedure governing service?
           A restricted appeal (1) must be brought within six months of the date of judgment; (2)
by a party to the suit; (3) who did not participate in the hearing that resulted in the judgment
complained of and who did not file a timely post-judgment motion; and (4) the error must be
apparent from the face of the record. Tex. R. App. P. 30; Quaestor Invs., Inc. v. State of
Chiapas, 997 S.W.2d 226, 227 (Tex. 1999) (per curiam). Review by restricted appeal entitles
the appellant to the same scope of appeal as an ordinary appeal, except the error must appear
on the face of the record. Tex. R. App. P. 30; Norman Communications v. Texas Eastman
Co., 955 S.W.2d 269, 270 (Tex. 1997) (per curiam). For purposes of a restricted appeal, the
record consists of all documents on file with the trial court at the time of judgment. Norman
Communications, 955 S.W.2d at 270.
           Default judgment was entered on November 25, 2002. Appellants filed their notice
of restricted appeal on May 15, 2003, within six months of the date of judgment. Appellants
were parties to the suit, did not participate in the hearing that resulted in the judgment, and
did not file a timely post-judgment motion. Appellants have met the first three requirements
of a restricted appeal. We must now determine if error is apparent from the face of the
record.
           Appellants argue that the error apparent on the face of the record is Appellee’s
defective service of process. Appellants assert that the evidence before the trial court at the
time of the default hearing reflects that the returns of citation were unverified. We agree.
           “For well over a century, [the Texas Supreme Court] has required that strict
compliance with the rules for service of citation affirmatively appear on the record in order
for a default judgment to withstand direct attack.” Primate Const., Inc. v. Silver, 884 S.W.2d
151, 152 (Tex. 1994). “There are no presumptions in favor of valid issuance, service, and
return of citation in the face of a writ of error attack on a default judgment.” Id. “Moreover,
failure to affirmatively show strict compliance with the Rules of Civil Procedure renders the
attempted service of process invalid and of no effect.” Uvalde Country Club v. Martin Linen
Supply Co., 690 S.W.2d 884, 885 (Tex. 1985).
           The rule at issue provides, in relevant part, as follows:
The return of the officer or authorized person executing the citation shall be
endorsed on or attached to the same; it shall state when the citation was
served and the manner of service and be signed by the officer officially or
by the authorized person. The return of citation by an authorized person
shall be verified. 

Tex. R. Civ. P. 107 (emphasis added). In McGraw-Hill, Inc. v. Futrell, the appellant argued
that a default judgment should be reversed because the process server had not verified the
return of citation, as required by Rule 107 of the Texas Rules of Civil Procedure.
McGraw-Hill, Inc. v. Futrell, 823 S.W.2d 414, 416 (Tex. App.--Houston [1st Dist.] 1992,
writ denied). The process server had only completed a certificate of delivery at the bottom
of the return, certifying that he had delivered a copy of the citation to McGraw-Hill. Id. The
court of appeals noted that it had previously defined “verified” as “‘[a]n acknowledgment
of an instrument before a notary public proves or verifies it for record.’” Id. (citing City of
Houston v. Quinones, 172 S.W.2d 187, 190 (Tex. Civ. App.--Galveston 1943), rev’d on other
grounds, 142 Tex. 282, 177 S.W.2d 259 (1944)). The court reversed the default judgment
because there was nothing on the citation or attached to the citation that could be considered
a verification. McGraw-Hill, 823 S.W.2d at 416.
           In Garza v. Zavala, the appellee admitted that the return of citation was not
verified. Garza v. Zavala, 905 S.W.2d 312, 313 (Tex. App.--El Paso 1995, no writ). This
Court found that the process server had completed a certificate of delivery, certifying that
he had delivered a copy of the citation to the appellant, but there was nothing on the
citation or attached to the citation that could be “considered a verification of this
certificate of delivery.” Id. Because the face of the record failed to show strict
compliance with Texas Rule of Civil Procedure 107, we held that service of process on
Garza was defective and reversed the default judgment. Id.
           In the instant case, the returns of citation show that Gary Thornton served the
citation and petition on “Araceli Armendariz 7650 McCallum #1809, Dallas, TX 75252
by attaching securely to the front entry per Rule 106 TRCP at 6:00 p.m. on May 14, 2002”
and “Jose Armendariz 7650 McCallum #1809, Dallas, TX 75252 by attaching securely to
the front entry per Rule 106 TRCP at 6:00 p.m. on May 14, 2002.” We find nothing on
the citation or attached to the citation that could be considered a verification of the return
of citation. We note that Appellee submitted an “Affidavit of Service” to the clerk of the
358th Judicial District Court on August 5, 2003, that was executed by Gary Thornton on
July 31, 2003, after default judgment was entered and after this appeal was perfected. 
However, we are limited in review to the record as it existed before the trial court at the
time the default judgment was rendered. See Armstrong v. Minshew, 768 S.W.2d 883,
884 (Tex. App.--Dallas 1989, no writ) (citing Wilson v. Industrial Leasing Corp., 689
S.W.2d 496, 497 (Tex. App.--Houston [1st Dist.] 1985, no writ); Southwestern Bell
Telephone Co. v. Griffith, 575 S.W.2d 92, 104 (Tex. Civ. App.--Corpus Christi 1978, writ
ref’d n.r.e.)); see also Primate Const., 884 S.W.2d at 153 (holding that the one requesting
service must amend the return prior to judgment) and White Motor Co. v. Loden, 373
S.W.2d 863, 865 (Tex. Civ. App.--Dallas 1963, no writ) (appellee cannot by supplemental
transcript or otherwise introduce evidence in this Court which was necessary to make out
a prima facie case in the trial court to support the default judgment).
           Because the face of the record fails to show strict compliance with the Rules of
Civil Procedure, we conclude Appellants have satisfied the fourth requirement.
Accordingly, we hold that service of process on Appellants was invalid and of no effect. 

We sustain Appellants’ sole issue. The judgment of the trial court is vacated and this
cause is remanded to the trial court for further proceedings.
 
                                                                              RICHARD BARAJAS, Chief Justice
August 20, 2004

Before Panel No. 3
Barajas, C.J., Larsen, and Chew, JJ.