**James E. GOODMAN, Appellant**

v.

**WACHOVIA BANK, NATIONAL ASSOCIATION, Appellee.**

No. 05–07–01462–CV.

Court of Appeals of Texas, Dallas.

Aug. 13, 2008.

Dena Jean Denooyer, David S. Coale, Carrington, Coleman, Sloman & Blumenthal, L.L.P., Dallas, TX, for Appellant.

Talmage Boston, Winstead, Secrest & Minick, P.C., Dallas, TX, for Appellee.

Before Justices FITZGERALD, RICHTER, and LANG–MIERS.

## OPINION

Opinion by Justice LANG–MIERS.

■ This is a restricted appeal. Wachovia Bank, N.A. sued James E. Goodman on a promissory note. Goodman did not file an answer, and the trial court rendered a no-answer default judgment in favor of Wachovia for the principal amount of the note, plus interest, late charges, and attorney's fees. Goodman filed this restricted appeal, arguing that the judgment must be reversed because the face of the record does not show strict compliance with civil procedure rule 107 regarding return of service.[1] We affirm.

---

1. Wachovia attached an affidavit to its brief for our consideration; however, this affidavit

## A. Requirements for a restricted appeal

■ A restricted appeal is a direct attack on the trial court's judgment. *Gen. Elec. Co. v. Falcon Ridge Apartments Joint Venture*, 811 S.W.2d 942, 943 (Tex. 1991); *Sutton v. Hisaw & Assoc. Gen. Contractors, Inc.*, 65 S.W.3d 281, 284 (Tex. App.-Dallas 2001, pet. denied). To obtain reversal of an underlying judgment in a restricted appeal, a party must satisfy four requirements: the appeal must (1) be brought within six months after the trial court signs the judgment (2) by a party to the suit (3) who did not participate in the actual trial, and (4) the error complained of must be apparent on the face of the record. *See* Tex. Rs.App. P. 26.1(c), 30; *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex.1997); *Dolly v. Aethos Commc'ns Sys., Inc.*, 10 S.W.3d 384, 387–88 (Tex.App.-Dallas 2000, no pet.). The face of the record consists of all of the papers on file in the appeal. *Norman Commc'ns*, 955 S.W.2d at 270. In a restricted appeal from a default judgment, we make no presumptions in favor of valid service. *Hubicki v. Festina*, 226 S.W.3d 405, 407 (Tex.2007) (per curiam). And strict compliance with the rules for service

of citation must affirmatively appear on the record. *Id.* at 408.

## B. Meaning of "verified" in rule 107

It is undisputed that Goodman satisfied the first three requirements of a restricted appeal. The only issue concerns the fourth requirement, whether there is error apparent on the face of the record. Goodman contends that error is apparent on the face of the record because the verification on the return of service does not show strict compliance with rule 107:

> The return of the officer or authorized person executing the citation shall be endorsed on or attached to the same; it shall state when the citation was served and the manner of service and be signed by the officer officially or by the authorized person. The return of citation by an authorized person shall be verified. . . .

Tex.R. Civ. P. 107.

Goodman contends that "shall be verified" in rule 107 should be interpreted to require verification in compliance with section 121.005 of the civil practice and remedies code. *See* Tex. Civ. Prac. & Rem.Code Ann. § 121.005 (Vernon 2005).[2] He contends that the verification on the return of service in this case is defective because the

---

was not part of the record below and we cannot consider it on appeal. *See* Tex. Rs.App. P. 34; 38.1; *Burke v. Ins. Auto. Auctions Corp.*, 169 S.W.3d 771, 775 (Tex.App.-Dallas 2005, pet. denied).

2. Section 121.005, Proof of Identity of Acknowledging Person, provides:

(a) An officer may not take the acknowledgment of a written instrument unless the officer knows or has satisfactory evidence that the acknowledging person is the person who executed the instrument and is described in it. An officer may accept, as satisfactory evidence of the identity of an acknowledging person, only:

(1) the oath of a credible witness personally known to the officer; or

(2) a current identification card or other document issued by the federal government or any state government that contains the photograph and signature of the acknowledging person.

(b) Except in a short form certificate of acknowledgment authorized by Section 121.008, the officer must note in the certificate of acknowledgment that:

(1) he personally knows the acknowledging person; or

(2) evidence of a witness or an identification card or other document was used to identify the acknowledging person.

Tex. Civ. Prac. & Rem.Code Ann. § 121.005.

notary did not state either that she personally knew the process server or that she had satisfactory evidence of his identity as is required by section 121.005. We disagree.

To determine whether the record shows strict compliance with the requirements for return of service, we first interpret the meaning of "verified" in rule 107. When we interpret a rule, our objective is to "obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law." TEX.R. CIV. P. 1. To accomplish this, we liberally construe rules of civil procedure. *Id.; Thermex Energy Corp. v. Rantec Corp.*, 766 S.W.2d 402, 405 (Tex.App.-Dallas 1989, writ denied). Rule 107 does not define "verified." Nevertheless, when a procedural rule does not give a specific definition to a word, the Code Construction Act states that "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage." *See* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 2005); *In re Walkup*, 122 S.W.3d 215, 217 (Tex.App.-Houston [1st Dist.] 2003, no pet.) (explaining that Code Construction Act applies to interpretation of rules of civil procedure). In this case, we look to Black's Law Dictionary, which defines "verify" as:

> 1. To prove to be true; to confirm or establish the truth or truthfulness of; to authenticate. 2. To confirm or substantiate by oath or affidavit; to swear to the truth of.

BLACK'S LAW DICT 1594 (8th ed.2004).[3]

▮ Significantly, rule 107 requires that the return—not the signature—"shall be verified." Based on a review of the plain language in the rule, we conclude that the purpose of the rule 107 verification is to establish the truth of the information in the return, not to establish the identity of the person signing the return. In contrast, the purpose of the acknowledgment under section 121.005, "Proof of Identity of Acknowledging Person," as the title of the section states, is to establish that the person who signed the document was actually the person he or she represented himself or herself to be.

Nevertheless, Goodman contends that the rule 107 verification must satisfy the requirements of a section 121.005 acknowledgment, relying on language in cases from sister courts that analyzed rule 107's verification requirement. In evaluating what was required, the courts stated that there had to be "some sort of acknowledgment before a notary public." *See, e.g., Frazier v. Dikovitsky*, 144 S.W.3d 146, 149 (Tex.App.-Texarkana 2004, no pet.) (stating "verified" under rule 107 requires "some sort of an acknowledgment before a notary public" and concluding that return of service contained "nothing ... that could be considered a verification"); *Armendariz v. Barragan*, 143 S.W.3d 853, 855 (Tex.App.-El Paso 2004, no pet.) (same); *Carmona v. Bunzl Distribution*, 76 S.W.3d 566, 568 (Tex.App.-Corpus Christi 2002, no pet.) (same); *McGraw–Hill, Inc. v. Futrell*, 823 S.W.2d 414, 416 (Tex.App.-Houston [1st Dist.] 1992, writ denied) (stating "[a]n acknowledgment of an instrument before a notary public proves or verifies it for record" and "noth-

---

**3.** Blacks also defines "verification" as:

> 1. A formal declaration made in the presence of an authorized officer, such as a notary public, or (in some jurisdictions) under oath but not in the presence of such an officer, whereby one swears to the truth of the statements in the document. Traditionally, a verification is used as a conclusion for all pleadings that are required to be sworn ... 2. An oath or affirmation that an authorized officer administers to an affiant or deponent. 3. Loosely, acknowledgment ... 6. Any act of notarizing.

BLACKS LAW DICT. 1593.

ing on the citation or attached to the citation ... can be considered a verification"). But there were no verifications in those cases, and none of those cases determined that the rule 107 verification had to comply with the legal requirement for an acknowledgment or with section 121.005 of the civil practice and remedies code. Instead, those courts consistently focused on the content of the return to determine whether it contained the information that was required by rule 107. *See, e.g., Frazier,* 144 S.W.3d at 149 (" 'Verified' as contemplated by Rule 107 requires some sort of an acknowledgment before a notary public."); *Armendariz,* 143 S.W.3d at 855–56 (concluding face of record did not show strict compliance with rules of civil procedure because nothing in citation could be considered verification); *Carmona,* 76 S.W.3d at 568 (same); *McGraw–Hill, Inc.,* 823 S.W.2d at 416 (same).[4]

The court in *Seib v. Bekker,* 964 S.W.2d 25 (Tex.App.-Tyler 1997, no writ), also analyzed the information required by rule 107 and adopted the analysis of the *McGraw–Hill* court that "verified" meant "an acknowledgment of an instrument before a notary public." *Id.* at 28 (internal quotations omitted) (quoting *McGraw–Hill,* 823 S.W.2d at 416). It concluded that "a return of service of citation by a private process server must contain the fact of service, the time of service, and manner of service, and shall be sworn to by the private process server before a notary public and filed with the papers in the cause." *Id.* at 28. We conclude that *Seib v. Bekker*

correctly describes the rule 107 verification requirement.

■ The return of citation here shows that Harry L. Chambers served the citation on Goodman at 10:00 a.m. on May 25, 2007. The return of service is completed and signed by Chambers, and Wachovia does not contend that the return is not properly completed. Below Chambers's signature, the return states:

> Signed and sworn to by the said <u>Harry L. Chambers</u> before me this <u>25</u> day of <u>May, 2007,</u> to certify which witness my hand and seal of office.

It is signed by Lana M. Copeland, a notary public, Dallas County, Texas, and stamped with her seal showing the expiration date of her notary commission. We conclude that this strictly complies with the "shall be verified" requirement of rule 107. *See* Tex.R. Civ. P. 107.

Because the face of the record shows strict compliance with the rules of civil procedure, we further conclude that Goodman did not establish that there is error on the face of the record. Accordingly, we resolve Goodman's sole issue against him.

We affirm the trial court's judgment.

---

4. Goodman also cites cases where the judgment was reversed because the acknowledgment was defective. But those cases are distinguishable because they dealt with recorded instruments which required acknowledgments that were governed by section 121.005, and the notary public did not indicate in the acknowledgment that he knew the person who executed the document or that the person satisfactorily identified himself as the person who executed the document. *See, e.g., Frost v. Erath Cattle Co.,* 81 Tex. 505, 510, 17 S.W. 52, 55 (1891) (finding that notary public's failure to show that person who executed deed was known or proved to him was fatal to acknowledgment of deed); *Salmon v. Huff,* 80 Tex. 133, 135, 15 S.W. 1047, 1047 (1891) (op. on reh'g) (same); *McKie v. Anderson,* 78 Tex. 207, 210, 14 S.W. 576, 577 (1890) (same).