**MYAN MANAGEMENT GROUP, L.L.C., Appellant**

**v.**

**ADAM SPARKS FAMILY REVOCABLE TRUST, 7474 Regency, L.L.C., Kiyomitex, L.L.C., and Pabo, L.L.C., Appellees.**

No. 05–08–00681–CV.

Court of Appeals of Texas, Dallas.

July 1, 2009.

Robert Alan Blackwell, Brown & Hofmeister, LLP, Richardson, for Appellant.

John M. Frick, Law Offices of John M. Frick, Richardson, Craig A. Bernstein, Dallas, for Appellees.

Before Justices MORRIS, WRIGHT, and MOSELEY.

## OPINION

Opinion By Justice WRIGHT.

In this restricted appeal, Myan Management Group, L.L.C. (Myan) appeals a default judgment. In two issues, Myan contends: (1) the trial court did not acquire jurisdiction over it because it was improperly served; and (2) the judgment should be set aside because the pleadings were insufficient to support a claim for breach of contract. We overrule Myan's issues and affirm the trial court's judgment.

### Background

Myan managed three apartment complexes owned by the Adam Sparks Family Revocable Trust (the Trust). BG Personnel Services, L.P. provided personnel staff to those apartment complexes. BG Personnel Services filed suit on a sworn account for unpaid invoices and for recovery in quantum meruit against the Trust. Myan was named as a nominal defendant but was not served.

In its answer to the lawsuit, the Trust included a verified denial of the sworn account, an affirmative defense that Myan acted outside its authority in incurring the debt, and a cross-claim for indemnity against Myan. A deputy constable served Myan's registered agent with the cross-claim but did not attach a copy of the original petition.

BG Personnel Services moved for summary judgment against the Trust. The trial court granted summary judgment as to liability. The case proceeded to trial on BG Personnel's claim for attorney's fees and the Trust's cross-claim for indemnity against Myan. When Myan failed to answer the cross-claim before trial, the Trust filed a motion for default judgment. The court granted the motion and entered final judgment on February 28, 2008. The court awarded BG Personnel Services

$11,744.69 in actual damages, $645.95 in pre-trial interest, and $10,500 in attorney's fees. The court awarded a judgment for the Trust for the same amounts for the cross-claim. This restricted appeal followed.

## Standard of Review

In a restricted appeal, our review is limited to error that appears on the face of the record. *Fid. & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 573 (Tex.2006). When a default judgment is attacked by restricted appeal, we do not indulge any presumptions in favor of valid issuance, service, or return of service. *Reed Elsevier, Inc. v. Carrollton–Farmers Branch Indep. Dist.*, 180 S.W.3d 903, 905 (Tex.App.-Dallas 2005, pet. denied). Failure to show strict compliance, on the face of the record, renders any attempted service invalid and requires us to set aside the default judgment. *Id.* But "strict compliance with the rules does not require obeisance to the minutest detail." *Williams v. Williams*, 150 S.W.3d 436, 443–44 (Tex. App.-Austin 2004, pet. denied).

## Insufficient Service of Process

Myan contends in its first issue that the trial court lacked jurisdiction because the record does not reflect strict compliance with the rules of civil procedure for return of service. Specifically, Myan argues the return: (1) was not verified; (2) altered Myan's name; (3) did not state Myan's agent was *personally* served; and (4) listed a different suite number for the registered agent than the citation. Myan further argues that if service was properly accomplished, the Trust did not amend the record as required. We will discuss each of Myan's complaints in turn.

A deputy constable served the cross-claim on Myan's registered agent. Myan complains that service was invalid because the return was not verified. Rule 107 states in relevant part:

> The return of the officer or authorized person executing the citation shall be endorsed on or attached to the same; it shall state when the citation was served and the manner of service and be signed by the officer officially or by the authorized person. The return of citation by an authorized person shall be verified.

TEX.R. CIV. P. 107. "Authorized person" is not defined. The parties disagree whether an "authorized person" required to verify a return should be interpreted to include an "officer." Myan argues that because the terms "officer" and "authorized person" are used interchangeably outside of Rule 107, "authorized person" must include all process servers. In its brief, Myan cites to cases holding that private process servers must verify a return. *See Carmona v. Bunzl Distribution*, 76 S.W.3d 566, 569 (Tex.App.-Corpus Christi 2002, no pet.); *Garza v. Zavala*, 905 S.W.2d 312, 313 (Tex. App.-El Paso 1995, no writ); *McGraw–Hill, Inc. v. Futrell*, 823 S.W.2d 414, 416 (Houston [1st Dist.] 1992, writ denied). The Trust responds that the two terms are used separately throughout this rule until the last sentence in which the term "authorized person" is used alone, and, therefore, the terms must be interpreted to be mutually exclusive.

Rule 107 does not require an officer to verify the return. *Ins. Co. of the State of Pa. v. Lejeune*, 261 S.W.3d 852, 859 (Tex. App.-Texarkana 2008, pet. filed); *14.9 Grams of Methamphetamine v. State*, 28 S.W.3d 146, 148 (Tex.App.-Texarkana 2000, no pet.). Myan contends that the case *14.9 Grams of Methamphetamine* is inconsistent with this Court's decision in *Goodman v. Wachovia Bank*, 260 S.W.3d 699, 701–02 (Tex.App.-Dallas 2008, no pet.). This Court held in *Goodman* that when service is made by a process server,

the term "verify" in Rule 107 does not require the notary to state that she knows the process server or that she had satisfactory evidence of his identity. *Id.* Unlike the server in this case, *Goodman* involved a private process server. This Court did not address the issue involved in this case. For these reasons, the holding in *Goodman* is inapplicable to the facts of this case. Accordingly, we conclude that the deputy was not required to verify the return.

■ Second, Myan argues that service was invalid because its name is inconsistent on the citation, cross-claim, and return. Service is invalid if the name on the return alters the identity of the defendant, but a minor change in the name does not render the return defective. *See* Tex.R. Civ. P. 107; *Lytle v. Cunningham,* 261 S.W.3d 837, 840–41 (Tex.App.-Dallas 2008, no pet.); *Brown–McKee, Inc. v. J.F. Bryan & Assocs.,* 522 S.W.2d 958, 959 (Tex.Civ.App.-Texarkana 1975, no writ).

The name of the defendant is altered if it is changed to the extent that the court cannot determine if the name on the citation is the same person or entity identified on the return. For example, the Texas Supreme Court noted in *Drewery Construction Co.,* that if a registered agent is listed on the petition as "Henry Bunting, Jr." but on the citation and return as "Henry Bunting," an appellate court cannot tell if "those persons are different or the same." *Drewery Const. Co.,* 186 S.W.3d at 573. In *Lytle,* this court held that service was invalid because the citation identified the defendant as "Mr. Chris Lytle," but the name on the return was "Christopher Lytle." *Lytle,* 261 S.W.3d at 840–41. Similarly, in *Brown–McKee,* a court held service invalid because the original petition and citation identified an entity as "Brown–McKee, Inc.," but the return identified it as "Brown–McKee Const. Co."

*Brown–McKee,* 522 S.W.2d at 959. The court noted that the "Inc." designation on the petition indicated that the entity was a corporation. *Id.* The return suggested a different type of entity because it added the abbreviation "Const." and substituted the abbreviation "Co." for "Inc." *See Id.* The court also noted the lack of any proof in the record that the two entities were the same. *Id.* The name of the registered agent on the petition did not match the name of the person served on the return, and the addresses listed for the entity were also completely different. *Id.*

Alternatively, a name is not altered when the name listed on the citation varies only slightly from the name on the return. Examples of name differences held not to invalidate service include the removal of a middle initial on the return, the omission of the corporate designation "Inc.," the lack of an accent mark on a corporate name, and the substitution of "@" for "at." *Lytle,* 261 S.W.3d at 840; *Westcliffe, Inc. v. Bear Creek Constr., Ltd.,* 105 S.W.3d 286, 290–91 (Tex.App.-Dallas 2003, no pet.); *Ortiz v. Avante Villa at Corpus Christi, Inc.,* 926 S.W.2d 608, 612–13 (Tex. App.-Corpus Christi 1996, writ denied) (per curiam).

Myan complains that the differences in the names on the cross-claim, citation, and return alter its name. We disagree. The names on each document vary only slightly. The cross-claim was brought against "Myan Management Group, L.L.C." The citation omitted the periods from "L.L.C." And the return identified "Myan Management" as the entity served. Removing periods from "L.L.C." is a variation as minor as the lack of an accent mark on a corporate name in *Ortiz.* Similarly, dropping "Group, L.L.C." from the entity name is like dropping "Inc." from the entity name in *Ortiz.* Neither omission suggests

that a different entity was served than the one listed in the petition.

Myan's third complaint is that the return did not reflect the manner in which citation was served because it did not state that the registered agent was *personally* served. We disagree. Rule 107 requires the return to reflect the manner in which the citation was served. Tex.R. Civ. P. 107. Rule 106 specifies one such method of service as "delivering to the defendant, in person, a true copy of the citation...." Tex.R. Civ. P. 106(a)(1). The term "delivered," without the addition of "in person," is sufficient to describe service by a process server. *See Ortiz*, 926 S.W.2d at 608; *Wohler v. La Buena Vida in W. Hills, Inc.*, 855 S.W.2d 891, 892 (Tex.App.-Fort Worth 1993, no writ). The requirements of Rule 106 were met because the return said service was made "by delivering to Myan Management ... By delivering to Kyle Hooper, Agent." Thus, the return adequately reflects the method of service.

Myan's fourth complaint is that service is invalid because the return identified "3500" as the registered agent's suite number, but the citation listed his suite number as "2500." Again, we disagree. Rule 107 does not require that the return include an address. Tex.R. Civ. P. 107. And the law is settled that listing a different address on the return and citation will not render service invalid. *See, e.g., Garcia v. Gutierrez*, 697 S.W.2d 758, 760 (Tex. App.-Corpus Christi 1985, no writ).

In Myan's last argument on this issue, it contends that even if service was properly accomplished, the Trust did not amend the record to show proper service. Because, as we conclude, service was properly accomplished and reflected on the face of the record, the Trust was not required to amend the record.

Accordingly, we overrule appellant's first issue.

### Pleading Insufficient to Support Default Judgment

In its second issue, Myan argues that we must set aside the default judgment because the Trust's cross-claim did not provide fair notice of a breach of contract claim.[1] Specifically, Myan contends the cross-claim did not provide fair notice of the breach of contract claim because: (1) the parties were not adequately named; (2) the cause of action was not clear; and (3) no specific dates or dollar amounts for damages were pleaded in the cross-claim. We disagree.

An original pleading must set forth the cause of action sufficient to provide fair notice of the claim involved and a demand for judgment. Tex.R. Civ. P. 47(a) & (c). Pleadings give fair notice when "an opposing attorney of reasonable competence, with the pleadings before him, can ascertain the nature and the basic issues of the controversy and the testimony probably relevant." Tex.R. Civ. P. 45(b); Tex.R. Civ. P. 47(a); *City of Houston v. Howard*, 786 S.W.2d 391, 393 (Tex.App.-Houston [14th Dist.] 1990, writ denied). The elements of a breach of contract claim are: (1) a valid contract; (2) performance or tendered performance; (3) breach of the contract; and (4) damages resulting from the breach. *McGraw v. Brown Realty Co.*,

---

1. Myan also contends that the judgment should be set aside because the pleading discloses the invalidity of the claim. Myan raised this argument for the first time in its reply brief. A reply brief may not be used to raise new issues even to refute a matter raised in an appellee's response. Tex.R.App. P. 38.1(e). Accordingly, we do not address this argument. *Dallas County v. Gonzales*, 183 S.W.3d 94, 104 (Tex.App.-Dallas 2006, pet. denied).

195 S.W.3d 271, 276 (Tex.App.-Dallas 2006, no pet.).

Myan is adequately named in the cross-claim, and its argument to the contrary is without merit. Although Myan complains that the cross-claim is too vague without reference to or attachment of the pleading from the original suit, the cross-claim does provide fair notice of all the elements of a breach of contract claim. The cross-claim alleges a valid contract. The cross-claim states "[t]he [Trust] and Myan entered into three separate written agreements ..." The cross-claim then provides an excerpt from the agreement that is standard in all three agreements.[2] The excerpt from the agreement includes language that Myan must supervise all of the on-site employees at the property. The cross-claim further alleges that the contract was breached. The cross-claim states that "[a]ccording to Plaintiff, in violation of these agreements, Myan hired temporary staff from BG Personnel Services, L.P." The cross-claim also asserts a claim for damages. The cross-claim states that "[t]o the extent that the [Trust] may be held liable to Plaintiff, the [Trust] ha[s] been damaged in the amount that Plaintiff may recover from the [Trust]."

Third, despite Myan's complaint that the cross-claim did not include a dollar amount for damages or dates of the unpaid invoices, the cross-claim does provide fair notice of the relief the Trust was seeking. Rule 47 does not require that pleadings include a specific dollar amount for actual damages. Tex.R. Civ. P. 47. The request in the cross-claim to recover "in the amount" the Trust is held liable to BG

Personnel Services is a clear reference to actual damages. We conclude the cross-claim provided fair notice for Myan to defend against a claim for unpaid personnel services at the three apartment complexes. Accordingly, we overrule appellant's second issue.

We affirm the trial court's judgment.

---

**2.** Each of the agreements between the Trust and Myan contained the following provision: [Myan] shall employ, discharge, and supervise all on site employees or contractors required for the efficient operation and maintenance of the Property. All on-site personnel, except independent contractors and employees of independent contractors, shall be employees of [Myan] or SRF Personnel, Inc., its affiliate. [Myan] or its affiliate shall pay all salaries of such on-site employees.