Opinion issued April 15, 2010













     



In The
Court of Appeals
For The
First District of Texas




NO. 01-08-00544-CV




AMERIQUEST MORTGAGE COMPANY F/K/A LONG BEACH
MORTGAGE, Appellant

V.

CLYDE ASHWORTH AND PAULA WELCH, Appellees




On Appeal from the 122nd District Court
Galveston County, Texas
Trial Court Cause No. 06CV0224-A




MEMORANDUM OPINION

          Appellant, Ameriquest Mortgage Company (“Ameriquest”), challenges the trial
court’s no-answer default judgment in favor of appellees, Clyde Ashworth and Paula
Welch. Ameriquest argues that the “final default judgment” lacks finality because it
awards prejudgment interest but lacks means or facts necessary to calculate the
amount of interest owed. Ameriquest also argues that the final default judgment is
void because (1) the return of service contains fatal defects, (2) the return of service
was not properly on file when the judgment was signed, and (3) the final judgment
relies on an earlier interlocutory default judgment rendered when the court lacked
subject matter jurisdiction.
          We reverse and remand.
Background
          In 2005, Citigroup Global Markets Realty Corporation sued Ashworth and
Welch for foreclosure on their homestead. On June 29, 2006, Ashworth and Welch
brought Ameriquest into the suit by filing a third-party cross-claim for damages
against Ameriquest for its involvement in the loan underlying the foreclosure action.



          Ashworth and Welch attempted service on Ameriquest on July 7, 2006. The
return of service stated:
OFFICER’S OR AUTHORIZED & DISINTERESTED PERSON’S
RETURN
Came to hand on [the] 29th day of June, 2006 at 10:00 a.m., and
executed in Galveston County, Texas by delivering to the within named
defendant AMERIQUEST MORTGAGE COMPANY F/K/A LONG
BEACH MORTGAGE BY SERVING ITS REGISTERED AGENT
NATIONAL REGISTERED AGENTS, INC., in person or by registered
or certified mail, return receipt requested, a true copy of this Citation,
with the date of delivery endorsed thereon, together with the
accompanying true and correct copy of the Plaintiff’s petition and Civil
Information Case at the following times and places, to-wit: Kay Ussery,
Ameriquest Mtg. Company c/o/ Nat’l Registered Agents, 7/7/06 1614
Sidney Baker St., Kerrville, TX 78028.
 
This return of service of citation was signed by Delma Hill and accompanied by the
number of her license as issued by the Process Service Review Board.
          Ameriquest did not answer. On July 30, 2007, the trial court signed an order
severing Ashworth and Welch’s cross-claim against Ameriquest and entered an
interlocutory default judgment against Ameriquest on liability only.
          Ashworth and Welch subsequently presented evidence of their damages. On
May 8, 2008, the trial court entered its “Final Default Judgment” awarding Ashworth
and Welch damages, including actual damages, mental anguish damages, exemplary
damages, attorney’s fees and court costs, and pre- and post-judgment interest. This
appeal followed.
Insufficient Service of Process
          In its first issue, Ameriquest argues that the final default judgment is void
because the return of service contains fatal defects. Specifically, Ameriquest argues
that the return failed to identify who served process, which instrument was served,
the manner by which service was effected, and the party served.
          Ameriquest’s claim of a defect in service of process is a challenge to the trial
court’s personal jurisdiction over it. See Furst v. Smith, 176 S.W.3d 864, 868 (Tex.
App.—Houston [1st Dist.] 2005, no pet.). Whether the trial court had personal
jurisdiction over a defendant is a question of law. Id. When a defendant has not
answered, a trial court acquires jurisdiction over that defendant solely on proof of
proper service. Id. (citing Tex. R. Civ. P. 107 (prohibiting rendition of default
judgment unless proof of proper service or process and return, whether in compliance
with governing rules or as ordered by court, have been on file for ten days), and
Wilson v. Dunn, 800 S.W.2d 833, 836 (Tex. 1990)).
          A default judgment cannot withstand a direct attack by a defendant who shows
that he was not served in strict compliance with the Texas Rules of Civil Procedure. 
Hubicki v. Festina, 226 S.W.3d 405, 408 (Tex. 2007); McGraw-Hill, Inc. v. Futrell,
823 S.W.2d 414, 416 (Tex. App.—Houston [1st Dist.] 1992, writ denied). In contrast
to the usual rule that all presumptions will be made in support of a judgment, there
are no presumptions of valid issuance, service, and return of citation when examining
a default judgment. Uvalde Country Club v. Martin Linen Supply Co., 690 S.W.2d
884, 885 (Tex. 1985); McGraw-Hill, 823 S.W.2d at 416. “Jurisdiction over the
defendant must affirmatively appear by a showing of due service of citation,
independent of the recitals in the default judgment.” Faggett v. Hargrove, 921
S.W.2d 274, 276 (Tex. App.—Houston [1st Dist.] 1995, no writ). Failure to
affirmatively show strict compliance with the Rules of Civil Procedure renders the
attempted service of process invalid and of no effect. McGraw-Hill, 823 S.W.2d at
416. Actual notice to a defendant, without proper service, is not sufficient to convey
upon the trial court jurisdiction to render a default judgment. Wilson, 800 S.W.2d at
836; McGraw-Hill, 823 S.W.2d at 417.
          Texas Rule of Civil Procedure 107 requires,
The return of the officer or authorized person executing the citation shall
be endorsed on or attached to the same; it shall state when the citation
was served and the manner of service and be signed by the officer
officially or by the authorized person. The return of citation by an
authorized person shall be verified. . . .
 
. . .
 
No default judgment shall be granted in any cause until the citation, or
process . . . with proof of service as provided by this rule . . . , shall have
been on file with the clerk of the court ten days, exclusive of the day of
filing and the day of judgment.
 
Tex. R. Civ. P. 107.
          Rule 107 clearly requires that “authorized persons” verify the return of citation
in addition to signing it. Id.; see McGraw-Hill, 823 S.W.2d at 416. Although the rule
does not specify the manner of verification required, we have previously stated,
“Presumably, it is the same as verification by affidavit, as provided in other rules,”
and have held, “[A]n acknowledgment of an instrument before a notary public proves
or verifies it for record.” McGraw-Hill, 823 S.W.2d at 416; see Seib v. Bekker, 964
S.W.2d 25, 28 (Tex. App.—Tyler 1997, no writ) (“[R]eturn of service of citation by
a private process server must contain the fact of service, the time of service, and
manner of service, and shall be sworn to by the private process server before a notary
public and filed with the papers in the cause.”); see also Frazier v. Dikovitsky, 144
S.W.3d 146, 149 (Tex. App.—Texarkana 2004, no pet.) (stating that “verified” under
Rule 107 requires “some sort of an acknowledgment before a notary public”);
Armendariz v. Barragan, 143 S.W.3d 853, 855 (Tex. App.—El Paso 2004, no pet.)
(same); Carmona v. Bunzl Distrib., 76 S.W.3d 566, 569 (Tex. App.—Corpus Christi
2002, no pet.) (same).
          By contrast, Rule 107 does not require that an “officer” verify the return of
citation. Tex. R. Civ. P. 107; Myan Mgmt. Group, L.L.C. v. Adam Sparks Family
Revocable Trust, 292 S.W.3d 750, 752 (Tex. App.—Dallas 2009, no pet.). The
“officer” spoken of in Rule 107 refers to sheriffs or constables. See Houston Pipe
Coating Co. v. Houston Freightways, Inc., 679 S.W.2d 42, 45 (Tex. App.—Houston
[14th Dist.] 1984, writ ref’d n.r.e.) (“When Rule 107 is read in conjunction with Rule
103, it is apparent that the ‘officer’ spoken of in Rule 107 is ‘the sheriff or any
constable’ referred to in Rule 103.”); see also Cont’l Cas. Co v. Guzman, No. 04-07-00589-CV, 2009 WL 136926, at *5 (Tex. App.—San Antonio 2009, pet. denied)
(“District clerks, like sheriffs and constables, are considered “‘officers’—persons
who, by virtue of their offices, are not required to verify returns.”) (quoting Ins. Co.
of State of Pa. v. Lejeune, 261 S.W.3d 852, 859 (Tex. App.—Texarkana 2008), rev’d
on other grounds, 297 S.W.3d 254 (Tex. 2009)).
          Here, the return of service was signed by Delma Hill, a licensed private process
server, and included Hill’s license number next to her signature. The return was not
notarized. Ameriquest argues that the return of service was neither “signed by an
officer officially” nor signed by an “authorized person” and verified, as required by
the Texas Rules of Civil Procedure, and therefore was fatally flawed. Ashworth and
Welch argue that Hill should be considered an “officer” because she is a certified and
licensed process server, and therefore, she was not required to have the return of
service notarized. In the alternative, they argue that Hill’s inclusion of her license
number next to her signature on the return of service constitutes “verification” as
required by Rule 107.
          Because Hill was not an officer as contemplated by Rule 107, she falls into the
category of “authorized person” who must sign the return of service and have it
verified. See McGraw-Hill, 823 S.W.2d at 416 (explaining that rules were amended
effective 1988 to permit service of citation by private process servers “authorized by
law” in addition to sheriffs and constables and that Rule 107 was amended to require
authorized persons to verify the return of citation to accommodate this change). The
addition of her license number does not constitute verification because it is not “an
acknowledgment of an instrument before a notary public.” See, e.g., McGraw-Hill,
823 S.W.2d at 416.
 
          Ashworth and Welch argue that this Court’s holding in McGraw-Hill that
verification under Rule 107 requires that the process server acknowledge the return
before a notary public is contrary to the plain language of Rule 107. For the reasons
we have already articulated in McGraw-Hill, we disagree. See McGraw-Hill, 823
S.W.2d at 416. Ashworth and Welch cite Goodman to support their argument that
verification before a notary public is not required. See Goodman v. Wachovia Bank,
N.A., 260 S.W.3d 699, 701–02 (Tex. App.—Dallas 2008, no pet.).
          The issue in Goodman was whether the verification of the return of service was
defective because the notary did not state either that she personally knew the process
server or that she had satisfactory evidence of his identity as required by other
provisions where verification is required. Id. In determining that the verification in
that case was sufficient, the court of appeals stated,
Significantly, rule 107 requires that the return—not the
signature—“shall be verified.” Based on a review of the plain language
in the rule, we conclude that the purpose of the rule 107 verification is
to establish the truth of the information in the return, not to establish the
identity of the person signing the return.
 
Id. at 702. The Goodman court specifically distinguished the facts in that case from
those in other cases in which there was no verification at all. See id. at 702–03
(citing, e.g., McGraw-Hill, 823 S.W.2d at 416). Nor, as Ashworth and Welch urge,
can we conclude that our determination that the complete absence of any kind of
acknowledgment before a notary is akin to requiring “absolute obeisance to the
minutest detail.” See Herbert v. Greater Gulf Coast Enters., Inc., 915 S.W.2d 866,
871 (Tex. App.—Houston [1st Dist.] 1995, no writ) (stating that “[e]ven strict
compliance does not require such absolute obeisance to the minutest detail” in
holding that return of service that referred to original petition as “a complaint, a term
clearly synonymous with petition” was sufficient to demonstrate that defendant was
served with proper documents).
          We conclude that the service of process in this case failed to strictly comply
with the Rules of Civil Procedure, and the attempted service of process was invalid
and of no effect. See McGraw-Hill, 823 S.W.2d at 416; see also Seib, 964 S.W.2d
at 28 (holding affidavit that failed to verify facts relating to act of service did not
strictly comply with Rules of Civil Procedure and judgment of trial court could not
stand). Because no citation with “proof of service as provided by” Rule 107 to obtain
personal jurisdiction was on file at all, much less on file for the ten days required
before default judgment may be entered, we hold that the trial court erred in rendering
default judgment against Ameriquest.


 See Tex. R. Civ. P. 107; see also Hubicki, 226
S.W.3d at 408 (holding that default judgment cannot withstand direct attack by
defendant who was not served in strict compliance with Texas Rules of Civil
Procedure); Furst, 176 S.W.3d at 868 (holding that when defendant has not answered,
trial court acquires jurisdiction over that defendant solely on proof of proper service).
          We sustain Ameriquest’s first issue, reverse the default judgment, and remand
the cause for further proceedings.


 Pursuant to Texas Rule of Civil Procedure 123,
no new service of process is necessary. See Tex. R. Civ. P. 123 (“Where the
judgment is reversed on appeal or writ of error for the want of service, or because of
defective service of process, no new citation shall be issued or served, but the
defendant shall be presumed to have entered his appearance to the term of the court
at which the mandate shall be filed.”); Cates v. Pon, 663 S.W.2d 99, 102 (Tex.
App.—Houston [14th Dist.] 1983, writ ref’d n.r.e.) (reversing default judgment
because of invalid service, but noting, under Texas Rule of Civil Procedure 123, that
no new service was necessary because appellant, by appealing default judgment, had
submitted himself to jurisdiction of trial court).
 
 
 
 
Conclusion
          We reverse the default judgment and remand the case to the trial court for
further proceedings consistent with this opinion.
 
 



                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Keyes, Sharp, and Massengale.