ACCEPTED
15-25-00020-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
8/1/2025 3:40 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-25-00020-CV

# In the Court of Appeals
# for the Fifteenth Judicial District
# Austin, Texas

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
8/1/2025 3:40:38 PM
CHRISTOPHER A. PRINE
Clerk

STORABLE, INC.; REDNOVA LABS, INC. (D/B/A STOREDGE); SITELINK
SOFTWARE, LLC; EASY STORAGE SOLUTIONS, LLC; BADER CO.; AND
PROPERTY FIRST GROUP, LP,
*Appellants,*

*V.*

SAFELEASE INSURANCE SERVICES, LLC,
*Appellee.*

*On Appeal from the
Third Division of the Texas Business Court*

## APPELLEE'S MOTION TO STRIKE
## APPELLANTS' SUPPLEMENTAL BRIEF

JUDD E. STONE II
  State Bar No. 24076720
CHRISTOPHER D. HILTON
MICHAEL R. ABRAMS
CODY C. COLL
ALEXANDER M. DVORSCAK
**STONE HILTON PLLC**
600 Congress Ave., Suite 2350
Austin, Texas 78701
judd@stonehilton.com
(737) 465-3897

*Counsel for Appellee*

## TABLE OF CONTENTS

Table of Contents ................................................................i

Index of Authorities..............................................................ii

Introduction ....................................................................1

Argument........................................................................3

I.   The Court Should Strike Storable's Supplemental Brief................3

   A.   Storable did not obtain leave to file its supplemental brief. ......3

   B.   Storable cannot show that justice requires leave to
        supplement................................................................4

II.  The Court Can Disregard Storable's Arguments Related to the
     Temporary Injunction. ...................................................7

Prayer ..........................................................................8

Certificate of Service ...........................................................10

Certificate of Conference........................................................10

# INDEX OF AUTHORITIES

## Cases

*Brazoria Civ. Club v. Brazoria Cnty. Appraisal Dist.,*
  694 S.W.3d 854 (Tex. App.—Houston [14th Dist.] 2024, no pet.) .........4

*CMH Homes v. Perez,*
  340 S.W.3d 444 (Tex. 2011)....................................................................1

*ERC Midstream LLC v. Am. Midstream Partners,*
  497 S.W.3d 99 (Tex. App.—Houston [14th Dist] 2016, no pet.)............7

*ETC Field Servs., LLC v. Tema Oil & Gas Co.,*
  710 S.W.3d 379 (Tex. App.—Austin [15th Dist.] 2025, no pet.)............1

*Hogg v. Lynch, Chappell & Alsup, PC,*
  553 S.W.3d 55 (Tex. App.—El Paso 2018, no pet.) ...............................6

*Hutchison v. Pharris,*
  158 S.W.3d 554 (Tex. App.—Fort Worth 2005, no pet.) ........................5

*In re ETC Field Servs., LLC,*
  707 S.W.3d 924 (Tex. App.—Austin [15th Dist.] 2025, orig.
  proceeding) .............................................................................................2

*In re Francis,*
  186 S.W.3d 534 (Tex. 2006)....................................................................8

*In re Sigmar,*
  270 S.W.3d 289 (Tex. App.—Waco 2008, orig. proceeding)..................8

*Jelinek v. Casas,*
  328 S.W.3d 526 (Tex. 2010).................................................................1, 4

*Jennings v. Jennings,*
  625 S.W.3d 854 (Tex. App.—San Antonio 2021, no pet.) .....................6

*Metro. Transit Auth. of Harris Cnty. v. Douglas,*
  544 S.W.3d 486 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) ..5

*Myan Mgmt. Grp. v. Adam Sparks Fam. Revocable Tr.,*
  292 S.W.3d 750 (Tex. App.—Dallas 2009, no pet.)...............................6

*Phillips Dev. & Realty, LLC v. LJA Eng'g, Inc.,*
  499 S.W.3d 78 (Tex. App.—Houston [14th Dist.] 2016, pet. denied)....5

*Standard Fruit & Vegetable Co. v. Johnson,*
 985 S.W.2d 62 (Tex. 1998)....................................................................3

*State v. City of Austin,*
 714 S.W.3d 247 (Tex. App.—Austin [15th Dist.] 2025, no pet. h.)........7

*Warwick Oil & Gas, Inc. v. FBS Props., Inc.,*
 No. 01-14-00290-CV, 2015 WL 3637988 (Tex. App.—Houston [1st
 Dist.] June 11, 2015, no pet.) .............................................................7

**Rules**

TEX. R. APP. P. 38.7............................................................................3, 4

## INTRODUCTION

As Appellee SafeLease pointed out in its response brief, Appellants ("Storable") failed to invoke this Court's original jurisdiction to obtain mandamus relief. That was fatal. *CMH Homes v. Perez*, 340 S.W.3d 444, 452-53 (Tex. 2011) (requiring a "bona fide attempt to invoke the appellate court's jurisdiction" (citation omitted)). Because Business Court orders denying remand are not reviewable on interlocutory appeal, that failure deprives this Court of jurisdiction—original or otherwise—to review the Business Court's denial of remand in this case. *ETC Field Servs., LLC v. Tema Oil & Gas Co.*, 710 S.W.3d 379, 380-81 (Tex. App.—Austin [15th Dist.] 2025, no pet.).

What's worse, even if the Court were inclined to overlook Storable's first blunder, Storable also waived any argument that it could meet the demanding mandamus standard. *Jelinek v. Casas*, 328 S.W.3d 526, 540 n.10 (Tex. 2010) (a party waives an issue by failing to brief it). Storable did not argue that the Business Court's remand decision constituted a clear abuse of discretion, as Storable was required to do. Nor did it argue that it lacked an adequate remedy by appeal. *In re ETC Field Servs., LLC*, 707 S.W.3d 924, 926 (Tex. App.—Austin [15th Dist.] 2025, orig.

1

proceeding) (explaining the two-pronged mandamus analysis). Each of these waivers again independently bars relief.

Storable's "supplemental" brief is a tacit admission of waiver and an improper and failed attempt to fix it. Now that Storable has the benefit of SafeLease's response brief—which explains the law and Storable's mistakes—Storable has made a procedurally deficient and meritless gambit to revive its remand arguments. Without leave of court, Storable filed a "supplemental" brief that raises entirely new arguments in an attempt to cure its briefing waivers. This belated supplement came nearly two months after SafeLease's response brief, more than three months after Storable's opening brief, and nearly six months after the order denying remand that Storable now tries to challenge. This is all far too late. And Storable's arguments and the authorities Storable cites are all ones that it could have raised in its opening brief, but that it omitted. It is a fundamental rule of appellate practice that parties cannot raise new arguments in a reply brief; Storable cannot avoid that rule merely by labeling this brief as "supplemental."

Storable offers no argument for why it should be allowed to supplement its opening brief to cure its deficiencies, let alone do so *after*

2

SafeLease filed its response brief pointing them out. Indeed, Storable's failure to address the TEX. R. APP. P. 38.7 standard for filing a supplemental brief is yet another instance of waiver. This Court should strike Storable's Supplemental Brief both because Storable filed it without permission and because, even if Storable had briefed the Rule 38.7 standard, justice does not require that the Court grant such permission retroactively.

## ARGUMENT

### I. The Court Should Strike Storable's Supplemental Brief.

Storable's gambit to revive its remand arguments must be rejected for two reasons. First, it filed its Supplemental Brief without permission; second, justice does not require this Court to grant Storable leave to file a brief merely because it wants to fix the mistakes in its opening brief that SafeLease pointed out. Indeed, granting Storable leave here would be unjust.

#### A. Storable did not obtain leave to file its supplemental brief.

A party must obtain leave of court to file a supplemental brief. *Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 65 (Tex. 1998) (citing TEX. R. APP. P. 38.7). Storable should have moved this Court for

3

leave. Had it done so, it would have needed to address the Rule 38.7 standard and show why "justice requires" a supplemental brief. *Id.*; *Brazoria Civ. Club v. Brazoria Cnty. Appraisal Dist.*, 694 S.W.3d 854, 866-67 (Tex. App.—Houston [14th Dist.] 2024, no pet.). Storable failed not only to move for leave, but also to address the Rule 38.7 standard in its Supplemental Brief. In other words, Storable has—yet again—waived an issue by failing to brief it. *Jelinek*, 328 S.W.3d at 540 n.10. That is reason enough to strike Storable's improperly filed Supplemental Brief. *Brazoria Civ. Club*, 694 S.W.3d at 866-67 (striking amended brief for failure to move for leave and failure to argue why leave should be granted).

## B. Storable cannot show that justice requires leave to supplement.

Storable cannot show that justice requires granting leave to file a supplemental brief because a supplemental brief cannot cure Storable's omissions. Its brief cannot cure its waiver of mandamus jurisdiction or its failure to argue the mandamus standard. Issues and arguments that are not raised in an opening brief or that are raised for the first time in a reply brief are waived on appeal. *Metro. Transit Auth. of Harris Cnty. v. Douglas*, 544 S.W.3d 486, 495 n.13 (Tex. App.—Houston [14th Dist.]

4

2018, pet. denied); *Phillips Dev. & Realty, LLC v. LJA Eng'g, Inc.*, 499 S.W.3d 78, 89 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). Storable's "supplemental" brief is merely an attempt to avoid that clear rule.

To be sure, a reply brief may sometimes address issues raised for the first time in an appellee's response brief. *See Hutchison v. Pharris*, 158 S.W.3d 554, 563-64 (Tex. App.—Fort Worth 2005, no pet.). For example, when an appellant-defendant omitted any argument that a jury finding was against the weight and preponderance of the evidence, but the appellee-plaintiff fully argued the evidence supporting that finding, the appellant was entitled to reply to that argument because the appellee "joined issue." *Id.* This is not such a case.

SafeLease has not joined any issue here; rather, SafeLease merely pointed out that Storable waived any right to mandamus relief by failing to invoke this Court's original jurisdiction, and by failing to argue the mandamus standard. It is a fundamental rule of appellate practice that an appellant cannot, having waived an issue in its opening brief, use its reply brief to "cure a deficiency in the opening brief." *Hogg v. Lynch, Chappell & Alsup, PC*, 553 S.W.3d 55, 65 (Tex. App.—El Paso 2018, no

pet.). Indeed, short of the rule requiring that appellate jurisdiction be established, it is perhaps the *most* fundamental rule.

For example, in *Jennings v. Jennings*, 625 S.W.3d 854, 868-69 (Tex. App.—San Antonio 2021, no pet.), the appellees pointed out in their response brief that the appellants had waived an argument. When the appellants tried to raise the waived argument in their reply brief, the court said no. *Id.* "The Texas Rules of Appellate Procedure do not allow an appellant to include in a reply brief a new issue in response to some matter pointed out in the appellee's briefs but not raised by the appellant's original brief." *Id.* (collecting cases); *see also Myan Mgmt. Grp. v. Adam Sparks Fam. Revocable Tr.*, 292 S.W.3d 750, 754 n.1 (Tex. App.—Dallas 2009, no pet.) ("A reply brief may not be used to raise new issues even to refute a matter raised in an appellee's response.").

That is precisely what Storable attempts to do here—Storable's brief is nothing more than an attempt to cure a briefing waiver. Whether labeled a "supplemental" or a "reply" brief, the result is the same. After all, if a party could cure a briefing waiver simply by filing a supplemental brief, the rule against raising new arguments in reply briefs would be meaningless. Thus, courts "rarely, if ever" allow new arguments in a

supplemental brief, especially after the appellee has filed its response brief. *ERC Midstream LLC v. Am. Midstream Partners*, 497 S.W.3d 99, 108 n.2 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (denying leave to supplement).

Moreover, this is not a case in which supplementation could cure inadvertent waiver merely by "reframing [a] previous argument." *Warwick Oil & Gas, Inc. v. FBS Props., Inc.*, No. 01-14-00290-CV, 2015 WL 3637988, at *9 (Tex. App.—Houston [1st Dist.] June 11, 2015, no pet.) (mem. op.). Instead, Storable makes entirely new arguments, including an argument invoking this Court's original jurisdiction and an argument that it can meet the standard for mandamus relief. Both arguments are entirely absent—in any form—from Storable's opening brief. The Court should not reward Storable's gamesmanship, condone its failure to seek leave, or forgive its briefing waiver.

## II. The Court Can Disregard Storable's Arguments Related to the Temporary Injunction.

Finally, Storable needlessly tries to invoke this Court's original jurisdiction over the temporary injunction order. But this Court plainly possesses appellate jurisdiction over that order. *See State v. City of Austin*, 714 S.W.3d 247, 253-54 (Tex. App.—Austin [15th Dist.] 2025, no

pet. h.). SafeLease has never questioned that. And in any event, Storable cannot obtain mandamus relief from that temporary injunction. *In re Francis*, 186 S.W.3d 534, 538 (Tex. 2006) (orig. proceeding) (mandamus is appropriate only when an expedited appeal would be inadequate); *In re Sigmar*, 270 S.W.3d 289, 295-96 (Tex. App.—Waco 2008, orig. proceeding) (temporary injunctions are not reviewable by mandamus). It is unclear why Storable now attempts to invoke mandamus jurisdiction over the Business Court's temporary injunction, but this Court can charitably disregard those portions of Storable's Supplemental Brief.

## PRAYER

The Court should strike Storable's Supplemental Brief.

Respectfully submitted.

August 1, 2025

/s/ *Judd E. Stone II*
JUDD E. STONE II
  State Bar No. 24076720
CHRISTOPHER D. HILTON
  State Bar No. 24106403
MICHAEL R. ABRAMS
  State Bar No. 24087072
CODY C. COLL
  State Bar No. 24116214
ALEXANDER M. DVORSCAK
  State Bar No. 24120461
**STONE HILTON PLLC**
600 Congress Ave., Suite 2350
Austin, Texas 78701
judd@stonehilton.com
chris@stonehilton.com
michael@stonehilton.com
cody@stonehilton.com
alex@stonehilton.com
(737) 465-3897

*Counsel for Appellee*

## CERTIFICATE OF SERVICE

On August 1, 2025, this document was served on counsel for all parties, via the Court's electronic filing system.

*/s/ Cody C. Coll*
Cody C. Coll


## CERTIFICATE OF CONFERENCE

I certify that on August 1, 2025, I conferenced by email with Dale Wainwright, appellate counsel for Appellants. Mr. Wainwright stated Appellants are opposed to the relief requested herein.

*/s/ Cody C. Coll*
Cody C. Coll

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Rosalinda Luna on behalf of Judd Stone
Bar No. 24076720
rosie@stonehilton.com
Envelope ID: 103889518
Filing Code Description: Motion
Filing Description: Appellee's Motion to Strike Appellants' Supplemental Brief
Status as of 8/1/2025 3:49 PM CST

Associated Case Party: SafeLease Insurance Services, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Delonda Dean | | ddean@yettercoleman.com | 8/1/2025 3:40:38 PM | SENT |
| Yetter Coleman | | efile@yettercoleman.com | 8/1/2025 3:40:38 PM | SENT |
| Adam Locke | 24083184 | adam@lockelaw.com | 8/1/2025 3:40:38 PM | SENT |
| Cody Coll | | cody@stonehilton.com | 8/1/2025 3:40:38 PM | SENT |
| Courtney Smith | | csmith@yettercoleman.com | 8/1/2025 3:40:38 PM | SENT |
| Luke A.Schamel | | lschamel@yettercoleman.com | 8/1/2025 3:40:38 PM | SENT |
| Christopher Hilton | | chris@stonehilton.com | 8/1/2025 3:40:38 PM | SENT |
| Judd Stone | | Judd@stonehilton.com | 8/1/2025 3:40:38 PM | SENT |
| Alyssa Smith | | asmith@yettercoleman.com | 8/1/2025 3:40:38 PM | SENT |
| Bonnie Chester | | bonnie@stonehilton.com | 8/1/2025 3:40:38 PM | SENT |
| Alexander Dvorscak | | alex@stonehilton.com | 8/1/2025 3:40:38 PM | SENT |
| Shannon Smith | | ssmith@yettercoleman.com | 8/1/2025 3:40:38 PM | SENT |
| R. Paul Yetter | | pyetter@yettercoleman.com | 8/1/2025 3:40:38 PM | SENT |
| Susanna R.Allen | | sallen@yettercoleman.com | 8/1/2025 3:40:38 PM | SENT |
| Rosalinda Luna | | rosie@stonehilton.com | 8/1/2025 3:40:38 PM | SENT |

Associated Case Party: Storable, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Dale Wainwright | | dale.wainwright@gtlaw.com | 8/1/2025 3:40:38 PM | SENT |
| Justin Bernstein | | bernsteinju@gtlaw.com | 8/1/2025 3:40:38 PM | SENT |
| Ray Torgerson | | rtorgerson@porterhedges.com | 8/1/2025 3:40:38 PM | SENT |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Rosalinda Luna on behalf of Judd Stone
Bar No. 24076720
rosie@stonehilton.com
Envelope ID: 103889518
Filing Code Description: Motion
Filing Description: Appellee's Motion to Strike Appellants' Supplemental Brief
Status as of 8/1/2025 3:49 PM CST

Associated Case Party: Storable, Inc.

| Ray Torgerson | | rtorgerson@porterhedges.com | 8/1/2025 3:40:38 PM | SENT |
|---|---|---|---|---|
| Carolyn Reed | | creed@porterhedges.com | 8/1/2025 3:40:38 PM | SENT |
| Jonna Summers | | jsummers@porterhedges.com | 8/1/2025 3:40:38 PM | SENT |
| Lakshmi Kumar | | lkumar@porterhedges.com | 8/1/2025 3:40:38 PM | SENT |
| Dolores Brunelle | | dbrunelle@porterhedges.com | 8/1/2025 3:40:38 PM | SENT |
| Liza Eoff | | leoff@porterhedges.com | 8/1/2025 3:40:38 PM | SENT |
| Neil KentonAlexander | | kalexander@porterhedges.com | 8/1/2025 3:40:38 PM | SENT |
| Cathy Hodges | | catherine.hodges@aporter.com | 8/1/2025 3:40:38 PM | SENT |