**Opinion issued March 8, 2018**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-17-00324-CV**

———————————

**SJ LOGISTICS GROUP, SJ GLOBAL LOGISTICS, AND SEOJOONG LOGISTICS LTD. DBA SJ LOGISTICS LTD., Appellants**

**V.**

**COLOSSAL TRANSPORT SOLUTIONS, LLC, Appellee**

---

**On Appeal from the 11th District Court**
**Harris County, Texas**
**Trial Court Case No. 2015-61095**

---

**MEMORANDUM OPINION**

This is a restricted appeal from two no-answer default judgments rendered in

favor of appellee Colossal Transport Solutions, LLC. In a single issue, appellants

SJ Logistics Group ("SJ Group"), SJ Global Logistics ("SJ Global"), and Seojoong

Logistics Ltd. d/b/a SJ Logistics Ltd. ("SJ Ltd."), contend that the trial court did not acquire jurisdiction over them because they were not properly served.

Because the record does not demonstrate strict compliance with the rules for service of process, we reverse and remand for further proceedings.

## Background

On October 14, 2015, Colossal Transport Solutions, LLC initiated a lawsuit against SJ Logistics America, Inc. ("SJLA") and ALE Roll-Lift Canada, Inc. by filing an original petition, alleging, among other things, a breach of contract. Approximately ten weeks later, Colossal filed an amended petition naming each of the appellants as additional defendants. At Colossal's request, the Harris County district clerk issued citations to each of the appellants. The clerk's record indicates that citations, each including a copy of "PLAINTIFF'S ORIGINAL PETITION," were sent by certified mail with return receipt requested to each of the appellants at "83 Cedar Lane Englewood NJ 07631." In the following weeks, return receipts were filed with the clerk showing that each citation had been received at the Cedar Lane address.

After the time for appellants to appear or to file an answer had passed, Colossal filed a motion for default judgment against all three appellants. The trial court denied this motion based, in part, on a failure to strictly comply with the rules for service of process because there were "no citations on the record for

2

[appellants] as required by Rule 99 of the Texas Rules of Civil Procedure, and . . . no returns of service as required by Rule 107." The following day, the district clerk filed the citations of service of process of the original petition, showing return of service of "PLAINTIFF'S ORIGINAL PETITION" for each of the appellants. Colossal then filed a motion for partial default judgment against SJ Ltd. only, which the trial court granted. Colossal later filed a motion for default judgment against SJ Group and SJ Global, which the trial court also granted.

The defendants named in the original petition were dismissed pursuant to special appearances. Accordingly, the second default judgment resolved all remaining claims in the case, making the default judgments appealable. This restricted appeal ensued.

## Analysis

The appellants argue that the trial court lacked personal jurisdiction over them because the record does not reflect strict compliance with the Rules of Civil Procedure for return of service. Specifically, they argue that the court did not obtain jurisdiction when the original petition was mailed to them because that petition (1) did not name any of the appellants as defendants, (2) was not served on an appropriate representative, (3) was not mailed to an appropriate address, and (4) was not the live pleading.

To successfully attack a default judgment by restricted appeal, appellants must show that (1) they filed the restricted appeal within six months after the final judgment was signed, (2) they were parties to the lawsuit, (3) they did not participate in trial, (4) they did not timely file postjudgment pleadings, and (5) there is error apparent from the face of the record. TEX. R. APP. P. 30; *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997); *Furst v. Smith*, 176 S.W.3d 864, 870 (Tex. App.—Houston [1st Dist.] 2005, no pet.). Only the last element—error apparent from the face of the record—is disputed in this appeal.

We may not indulge any presumptions in favor of valid issuance, service, or return of citation. *Furst*, 176 S.W.3d at 869; *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994). A record that fails to show strict compliance with the rules governing proper service requires reversal of a default judgment. *See, e.g., Uvalde Country Club v. Martin Linen Supply Co.*, Inc., 690 S.W.2d 884, 885 (Tex. 1985).

The citations in the appellate record indicate that copies of Colossal's original petition, addressed to each of the appellants, were sent to the Cedar Lane address six weeks after the amended petition was filed. It is undisputed that the original petition fails to name any of the appellants or to assert any allegations against them. The original petition, if properly served on appellants, did not give notice of a suit against them.

Colossal contends that it requested that the clerk issue citations for service of the amended petition, and that the clerk send the citations to the appellants by certified mail with copies of the amended petition. It thus asserts that the returned citations in the record, which were prepared and filed by the district clerk, "appear to" contain a clerical error because they reference the original petition, while appellants actually were served with the amended petition. To the extent it is the basis for Colossal's defense of the default judgments, the record does not support the contention that service of the amended petition was requested or actually served. The documents Colossal relies upon as evidence plainly reference "PLAINTIFF'S ORIGINAL PETITION" filed on "the 14th day of October, 2015." The returns of service for the citations also indicate that the original petition was mailed to the appellants. There is no evidence in the record before us demonstrating that Colossal served, or even attempted to serve, its amended petition on any of the appellants.

Colossal relies upon *Myan Management Group, L.L.C. v. Adam Sparks Family Revocable Trust*, 292 S.W.3d 750 (Tex. App.—Dallas 2009, no pet.), to support its argument that Texas courts have tolerated some minor errors in the return of service in matters resulting in default judgment. In *Myan*, the court held that slight variations in a defendant's name listed on the citation, cross-claim, and return did not render the return defective. 292 S.W.3d at 753. The court concluded

5

that none of the variations suggested that an entity other than the one listed in the petition was served. *Id*. at 753–54. Colossal's case is distinguishable because there is no evidence that any entity was served with the amended petition.

"The return of service is not a trivial, formulaic document." *Primate Constr.*, 884 S.W.2d at 152. The recitations in the return of service are considered prima facie evidence of the facts stated in the return, and they carry so much weight that they cannot be rebutted by the uncorroborated assertion of the party charged with obtaining service. *See id*.; *see also Furst*, 176 S.W.3d at 872. Regardless of whether appellants actually were served with the amended petition, the burden to ensure that the record reflects proper service rests with the party requesting service. *Primate Const.*, 884 S.W.2d at 153. If the return of service contains any errors, the party that requested service must amend the return. *Id*.; *see* TEX. R. CIV. P. 118. Based on the record before this court, the only proof that the appellants were served with anything at all is a return which recites service of a pleading in which they had not been sued.

Proper service not being affirmatively shown, there is error on the face of the record. Accordingly, we sustain appellants' sole issue.

## Conclusion

We reverse the default judgments rendered by the trial court, and we remand the cause to the trial court for further proceedings.


Michael Massengale
Justice

Panel consists of Chief Justice Radack and Justices Massengale and Brown.