**AFFIRM; and Opinion Filed October 31, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-01269-CV

**CHARLES WESLEY JEANES AND
SIERRA INVESTMENT ASSOCIATES, Appellants
V.
DALLAS COUNTY, DALLAS COUNTY COMMUNITY COLLEGE DISTRICT,
DALLAS COUNTY SCHOOL EQUALIZATION FUND,
PARKLAND HOSPITAL DISTRICT, AND CITY OF RICHARDSON, Appellees**

**On Appeal from the 191st Judicial District Court
Dallas County, Texas
Trial Court Cause No. TX-16-00170**

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Lang-Miers
Opinion by Justice Lang-Miers

In this ad valorem tax case, the trial court rendered judgment for appellees Dallas County,

Dallas County Community College District, Dallas County School Equalization Fund, Parkland

Hospital District, and City of Richardson ("Taxing Units") after appellants Charles Wesley Jeanes

and Sierra Investment Associates ("Sierra") failed to appear for trial. In three issues, Jeanes and

Sierra contend that the judgment is unenforceable because Sierra was never served with valid

citation. In a cross-issue, the Taxing Units contend this Court lacks jurisdiction because Jeanes

and Sierra failed to file a timely notice of appeal. We conclude that we have jurisdiction over this

appeal, and we affirm the trial court's judgment.

**BACKGROUND**

The Taxing Units brought suit against "Charles Jeanes Wesley, Individually and Doing Business as Sierra Investment Associates," under section 33.41 of the property tax code for non-payment of ad valorem property taxes. *See* TEX. TAX CODE ANN. § 33.41 (suit to collect delinquent tax). Jeanes appeared and answered, correcting his name to "Charles Wesley Jeanes" and denying that he was the owner of the relevant properties. Jeanes also filed a counterclaim seeking a declaration that he was not the owner of the properties.

The Taxing Units filed two amended petitions without correcting Jeanes's name in the caption. But in the body of their second amended petition, the Taxing Units identified the "Defendant(s)" as "Charles Jeanes Wesley, also known as Charles Wesley Jeanes, Individually And Doing Business as Sierra Investment Associates." Jeanes filed a first amended answer denying that he owned the properties in question and that he had ever been known by "the assumed name of 'Charles Wesley.'" He pleaded that he "is not personally known by, and does not personally use, the assumed name of 'Sierra Investment Associates.'" He also pleaded:

> More specifically, Jeanes affirmatively avers and asserts that, pursuant to the provisions of Section 152.306(b) of the Texas Business Organizations Code, and with respect to the claims, if any, upon which Plaintiffs seek to obtain a judgment against Jeanes in this case, Plaintiffs have yet to file, prosecute or obtain a valid judgment on such claims against the general partnership that owns the real properties at issue in this case, or owned them on January 1 of the tax years at issue in this case. As such, as a matter of statutory law, Plaintiffs may not seek or enforce any legal remedy upon such claims against Jeanes unless and until the required predicate judgment is obtained against the concerned general partnership.

The Taxing Units filed a third amended petition, still showing "Charles Jeanes Wesley, Individually and Doing Business as Sierra Investment Associates" as the named defendant in the caption of the suit. But in the body of the petition, the Taxing Units alleged:

> Plaintiff(s)['] petition is amended pursuant to Rule 62 and 63, Texas Rules of Civil Procedure, in the following particulars:

**AMEND TO ADD DEFENDANT AND CLARIFY PLEADINGS**

**DEFENDANT(S)**

The following are named as Defendant(s) in this suit and may be served with notice of these claims by service of citation at the address and in the manner shown as follows:

**Charles Wesley Jeanes, Individually As General Partner of Sierra Investment Associates, 6103 Stefani Dr., Dallas, TX 75225 (No Service Requested)**

**Sierra Investment Associates, a Texas General Partnership, by serving its General Partner, Charles Wesley Jeanes at 6103 Stefani Dr., Dallas, TX 75225 (Service Requested)**

On January 6, 2017, the Taxing Units filed a verified motion for continuance, alleging that they last amended their petition on December 16, 2016, and "[s]ervice has been completed on all defendants except for Sierra Investment Associates." They explained that an original citation was issued on December 19, 2016 for Sierra Investment Associates, but the "citation remains outstanding." The trial court granted the motion, resetting the case for trial on July 19, 2017. The December 19, 2016 citation was directed to "Sierra Investment Associates, A Texas Limited Partnership, upon whom service may be obtained by serving its Partner, Charles Wesley Jeanes." The officer's return certified service on "Sierra Investment Associates, by delivering to its Partner, Charles Wesley Jeanes" on January 10, 2017.

Jeanes did not appear for trial in his individual capacity or in his capacity as general partner of Sierra, and the trial court rendered judgment for the Taxing Units on July 19, 2017. The judgment recites that "Charles Wesley Jeanes, Individually As General Partner of Sierra Investment Associates" has answered in the suit and was "duly notified of trial," but "failed to appear in court." The judgment also recites that "Sierra Investment Associates who was duly served with citation which has been returned to this court and has been on file for more than ten (10) days, failed to appear or answer and wholly made default."

Jeanes filed a motion for new trial on August 18, 2017, alleging that he "is not the owner of the real property upon which this ad valorem tax case is based and concerned, and never was." He argued,

> Because any judgment in this case can therefore only be predicated upon the status of Jeanes as a general partner of the partnership entity which is in fact the record owner of the concerned real property, a judgment may only be rendered against Jeanes if a valid judgment on the same claim is also rendered against the partnership. See, Texas Business Organizations Code Section 152.306. In this case, there is no valid judgment against the concerned partnership, Sierra Investment Associates, because no valid, correct citation has ever been issued against, or served upon, the partnership in this case.

The record does not reflect any request for a hearing on the motion, nor was any evidence submitted to the trial court in support of the motion. The motion was overruled by operation of law on October 2, 2017. TEX. R. CIV. P. 329b(c).

Jeanes and Sierra filed a joint notice of appeal in the trial court on November 1, 2017. On November 3, 2017, Jeanes and Sierra filed a joint motion in this Court requesting an extension of time to file a notice of appeal. In the motion, Jeanes, an attorney, stated that he miscalculated the deadline for filing the notice of appeal. Jeanes and Sierra stated that the failure to file the notice was not intentional or the result of conscious indifference, and requested an extension of time under rule of appellate procedure 26.3. In an order dated November 15, 2017, we granted Jeanes's and Sierra's motion and deemed the notice of appeal timely filed in the trial court on November 1, 2017.

## ISSUES AND STANDARD OF REVIEW

In this appeal, Jeanes and Sierra contend that the judgment against Sierra is invalid because Sierra was never served with a valid citation. They argue that the December 19, 2016 citation is fatally defective on its face because it does not correctly name and identify Sierra as a party as required by rule 99(b)(7), Texas Rules of Civil Procedure. They contend the citation is also fatally defective because it is not directed to Sierra as required by rule 99(b)(8), Texas Rules of Civil

–4–

Procedure. And they contend that the judgment against Jeanes is invalid because there is no valid predicate judgment against Sierra.

As we have explained, Jeanes raised these issues in his motion for new trial, which was overruled by operation of law. The decision whether to grant a motion for new trial is addressed to the trial court's discretion, and the court's ruling will not be disturbed on appeal absent a showing of an abuse of discretion. *Continental Carbon Co. v. Sea-Land Serv., Inc.*, 27 S.W.3d 184, 187 (Tex. App.—Dallas 2000, pet. denied). This abuse of discretion standard also applies when, as here, the motion for new trial was overruled by operation of law; "the issue is whether the trial court abused its discretion by not granting the motion for new trial and allowing the motion to be overruled by operation of law." *Id.*

In a cross-issue, the Taxing Units contend this Court lacked authority to grant Jeanes and Sierra an extension of time to file their notice of appeal. We first address the Taxing Units' challenge to our jurisdiction. *See In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 307 (Tex. 2010) (absent timely notice of appeal, appellate court lacks jurisdiction over appeal); *Preston State Bank v. Willis*, 443 S.W.3d 428, 434 (Tex. App.—Dallas 2014, pet. denied) (initial inquiry of court of appeals is always whether it has jurisdiction over appeal).

**JURISDICTION**

Citing *Goberman v. Abbott*, No. 05-17-01136-CV, 2018 WL 833379, at \*1 (Tex. App.—Dallas Feb. 12, 2018, no pet.) (mem. op.), the Taxing Units contend this Court lacks jurisdiction over this appeal because Jeanes's and Sierra's notice of appeal was not timely. The Taxing Units argue that even if Jeanes's and Sierra's notice of appeal filed in the trial court on November 1, 2017, could be deemed timely under rule 26.3, the motion for extension of time filed in this Court on November 3 could not. In *Goberman*, we explained that under rule of appellate procedure 26.3, we may grant an extension of time to file a notice of appeal "if an appellant files a notice of appeal

within fifteen days of the deadline and an extension motion." *Id.* (citing TEX. R. APP. P. 26.3). Because the appellant did not timely file a notice of appeal or obtain an extension of time, we dismissed the appeal for want of jurisdiction. *Id.*

Here, the trial court rendered judgment on July 19, 2017. Jeanes timely filed a motion for new trial on August 18, 2017. *See* TEX. R. CIV. P. 329b(a) (motion for new trial shall be filed prior to or within thirty days after judgment is signed). Consequently, the notice of appeal was due within 90 days after the judgment was signed, on or before October 17, 2017. TEX. R. APP. P. 26.1(a)(1). An appellate court may extend the time to file the notice of appeal "if, within 15 days after the deadline for filing the notice of appeal, the party: (a) files in the trial court the notice of appeal; and (b) files in the appellate court a motion complying with rule 10.5(b)." TEX. R. APP. P. 26.3. Jeanes and Sierra filed their joint notice of appeal in the trial court on November 1, 2017, the fifteenth day after the October 17, 2017 deadline. Jeanes's and Sierra's motion for extension of time, however, was not filed until November 3, 2017.

In *Verburgt v. Dorner*, 959 S.W.2d 615, 616–17 (Tex. 1997), the supreme court concluded that the filing of a cost bond within the 15-day period implied a motion for an extension of time. And in *Hone v. Hanafin*, 104 S.W.3d 884, 886 (Tex. 2003) (per curiam), citing *Verburgt*, the court explained that the court of appeals could have considered petitioners' notice of appeal, filed within the 15-day period, "as an implied motion for extension of time to file a notice of appeal." *See also In re J.Z.P.*, 484 S.W.3d 924, 925 n.2 (Tex. 2016) (per curiam) ("Filed two days after the deadline, [petitioner's] notice of appeal implied a motion for an extension of time.") (citing *Hone*, 104 S.W.3d at 887, and *Verburgt*, 959 S.W.2d at 616–17).

In *Goberman*, the appellant failed to file a motion for extension of time despite this Court's request that he do so. *See Goberman*, 2018 WL 833379, at *1. Here, Jeanes filed a motion for extension of time in this Court two days after filing his notice of appeal. His motion complied with

the requirements of rule 10.5(b), containing the deadline for filing his notice of appeal, the length of the extension sought, and the facts relied on to reasonably explain the need for the extension. *See* TEX. R. APP. P. 10.5(b)(1); TEX. R. APP. P. 26.3 (motion for extension of time to file notice of appeal must comply with rule 10.5(b)).

In our order of November 15, 2017, we granted Jeanes's and Sierra's motion for extension of time and deemed their notice of appeal timely filed in the trial court on November 1, 2017. Consequently, we conclude we have jurisdiction over this appeal. We decide the Taxing Units' cross-issue against them.

## SERVICE ON SIERRA

In their operative petition, the Taxing Units pleaded that "Sierra Investment Associates, a Texas *General* Partnership" (emphasis added) was "named as Defendant[ ] in this suit." The Taxing Units pleaded that Sierra could be served with notice "by serving its General Partner, Charles Wesley Jeanes." The original citation dated December 19, 2016, however, was directed to "Sierra Investment Associates, a Texas *Limited* Partnership." (Emphasis added). But like the petition, the citation stated that Sierra could be served "by serving its Partner, Charles Wesley Jeanes." The officer's return for this citation shows service on January 10, 2017, on "Sierra Investment Associates by delivering to its Partner, Charles Wesley Jeanes."

In their first two issues, Jeanes and Sierra complain that the citation was defective because it described Sierra as a limited partnership instead of a general partnership. Specifically, they argue the citation for Sierra was defective because (1) it did not "show names of parties" as required by rule 99(b)(7), Texas Rules of Civil Procedure, and (2) it was not "directed to the defendant" as required by rule 99(b)(8). They contend that the error identifying Sierra as a limited partnership instead of a general partnership "rendered Plaintiffs' service upon Sierra fatally defective." Jeanes and Sierra argue that strict compliance with the rules is required and there is no presumption of

valid service, citing *Primate Construction, Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam), *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985) (per curiam), and *Patrick O'Connor & Associates, L.P. v. Hall*, No. 01-15-00661-CV, 2016 WL 4440665, at *2–3 (Tex. App.—Houston [1st Dist.] Aug. 23, 2016, pet. denied) (mem. op.). In each of these cases, the defendants failed to answer and default judgments were rendered against them. *Primate Constr.*, 884 S.W.2d at 152; *Uvalde Country Club*, 690 S.W.2d at 884; *Hall*, 2016 WL 4440665, at *1. And in each of these cases, because the record did not reflect strict compliance with the rules of civil procedure regarding the issuance, service, and return of citations, the default judgments were reversed. *See Primate Constr.*, 884 S.W.3d at 152–53 (return did not show service of amended petition that added Primate as defendant); *Uvalde Country Club*, 690 S.W.2d at 884–85 (return showed service on "Henry Bunting," not "Henry Bunting, *Jr.*" as alleged in petition); *Hall*, 2016 WL 4440665, at *2 (citation omitted apostrophe, ampersand, and "L.P." from name of plaintiff).

The Taxing Units contend the citation was sufficient, relying on this Court's opinion in *Myan Management Group, L.L.C. v. Adam Sparks Family Revocable Trust*, 292 S.W.3d 750 (Tex. App.—Dallas 2009, no pet.). In that case, we explained that "[s]ervice is invalid if the name on the return alters the identity of the defendant, but a minor change in the name does not render the return defective." *Id.* at 753. We continued, "[t]he name of the defendant is altered if it is changed to the extent that the court cannot determine if the name on the citation is the same person or entity identified on the return." *Id.* We concluded that neither the omission of the periods from "L.L.C." on the citation nor the omission of "Group, L.L.C." in Myan's name on the return altered Myan's identity: "Neither omission suggests that a different entity was served than the one listed in the petition." *Id.* at 753–54. Consequently, we concluded that service was properly accomplished and reflected on the face of the record. *Id.* at 754.

The cases that Jeanes and Sierra cite are distinguishable. Jeanes and Sierra attacked the default judgment by motion for new trial, not by restricted appeal. The supreme court has explained that when a default judgment is attacked by motion for new trial or bill of review in the trial court, the record is not limited as it is in a restricted appeal. *Fidelity & Guar. Ins. Co. v. Drewery Constr. Co., Inc.*, 186 S.W.3d 571, 573–74 (Tex. 2006) (per curiam). In *Drewery Construction*, the court distinguished *Primate Construction*, *Uvalde Country Club*, and other cases concerning restricted appeals, explaining that in those cases, appellate review "is limited to errors apparent on the face of the record." *Id.* at 573.[1] But when a default judgment is attacked by motion for new trial, the parties "may introduce affidavits, depositions, testimony, and exhibits to explain what happened." *Id.* at 573–74. The court continued,

> That being the case, these procedures focus on what has always been and always should be the critical question in any default judgment: "Why did the defendant not appear?"
>
> If the answer to this critical question is "Because I didn't get the suit papers," the default generally must be set aside. . . . But if the answer to the critical question is "I got the suit papers but then . . .," the default judgment should be set aside only if the defendant proves the three familiar *Craddock* elements. *See Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939) (requiring new trial if defendant shows (1) default was neither intentional nor conscious indifference, (2) meritorious defense, and (3) new trial would cause neither delay nor undue prejudice).

*Drewery Constr. Co.*, 186 S.W.3d at 574.

Here, the January 10, 2017, return shows service on "Sierra Investment Associates by delivering to its Partner, Charles Wesley Jeanes." Sierra did not argue or offer evidence that it "didn't get the suit papers" that were served on Jeanes as its partner. *See id.* The citation recites

---

[1] We recognize that *Hall*, the third case cited by Jeanes and Sierra, was an appeal of a default summary judgment on a bill of review rather than a restricted appeal. *See Hall*, 2016 WL 4440665, at *1. In *Hall*, the defendant established that the citation misidentified the plaintiff by failing to signify that the plaintiff was a partnership entity. *Id.* at *2. The court concluded that the citation did not "show names of parties" as required by civil procedure rule 99(b)(7), and consequently, was void as a matter of law. *Id.* at *2. The court applied the standard for a bill of review, that is, whether the defective judgment resulted from conduct that was "unmixed with any fault or negligence" of the defendant. *See id.* at *2. Here, because Jeanes and Sierra attacked the default judgment by a motion for new trial, we apply the standards articulated by the supreme court in *Drewery Construction*, as we discuss below. *See Drewery Constr. Co.*, 186 S.W.3d 573–74.

the correct name of the entity; the only error is the subsequent description of the entity as a "limited" instead of a "general" partnership. As in *Myan*, nothing "suggests that a different entity was served than the one listed in the petition." *Myan*, 292 S.W.3d at 753–54.[2] Consequently, Jeanes and Sierra were required to prove the three *Craddock* elements in order to obtain reversal of the trial court's judgment. *Drewery Constr. Co.*, 186 S.W.3d at 574.

Although Sierra argued in its motion for new trial that "no valid, correct citation has ever been issued against, or served upon, the partnership in this case," and Jeanes argued that no judgment could be rendered against him individually because there was no valid judgment against Sierra, neither Jeanes nor Sierra offered any evidence to establish the three *Craddock* elements. *See id.* "A defendant satisfies its burden as to the first *Craddock* element when its factual assertions, if true, negate intentional or consciously indifferent conduct by the defendant and the factual assertions are not controverted by the plaintiff." *Sutherland v. Spencer*, 376 S.W.3d 752, 755 (Tex. 2012). "Consciously indifferent conduct occurs when 'the defendant knew it was sued but did not care.'" *Id.* (quoting *Drewery Constr. Co.*, 186 S.W.3d at 576). "Generally, 'some excuse, although not necessarily a good one, will suffice to show that a defendant's failure to file an answer was not because the defendant did not care.'" *Id.* (quoting *In re R.R.*, 209 S.W.3d 112, 115 (Tex. 2006) (per curiam)). Jeanes, the general partner of Sierra, affirmatively pleaded that a general partnership owned the properties for which the Taxing Units alleged delinquent taxes were due. The Taxing Units amended their petition and obtained service of a new citation on Jeanes as partner of Sierra. Sierra offered no factual assertions to negate its knowledge of the suit or to

---

[2] Jeanes and Sierra also contend that "the case presents a situation of misidentification in the citation, rather than misnomer." The supreme court has explained the difference. "Misidentification—the consequences of which are generally harsh—arises when two separate legal entities exist and a plaintiff mistakenly sues an entity with a name similar to that of the correct entity. A misnomer occurs when a party misnames itself or another party, but the correct parties are involved." *Barth v. Bank of Am., N.A.*, 351 S.W.3d 875, 876–77 (Tex. 2011) (per curiam) (citation omitted). The evidence introduced by the Taxing Units at trial shows that "Sierra Investment Associates" is an assumed name for a general partnership, of which Jeanes is the general partner. The evidence also shows that "Sierra Investment Associates, a general partnership" owns the properties in question. "Courts will allow parties to correct a misnomer so long as no one was misled by the mistake." *AmeriPath, Inc. v. Hebert*, 447 S.W.3d 319, 330 (Tex. App.—Dallas 2014, pet. denied). There is nothing in the record to indicate that Jeanes or Sierra was misled about the Taxing Units' intent to recover delinquent taxes from Sierra, the legal entity that owned the property. There is no evidence that "two separate legal entities exist." *See Barth*, 351 S.W.3d at 876. As in *Barth*, "the correct parties are involved." *See id.* at 876–77.

–10–

support an excuse for its failure to answer. *Cf. id.* at 755 (defendant alleged that citation was left in stack of papers on desk and forgotten about during bad weather and Christmas holidays).

Nor in any of Jeanes's pleadings was there an assertion of a meritorious defense to the Taxing Units' suit for the taxes due on the properties in question. A meritorious defense meets the second *Craddock* element "if the facts alleged in the movant's motion and supporting affidavits set forth facts which in law constitute a meritorious defense, regardless of whether those facts are controverted." *In re R.R.*, 209 S.W.3d at 116. In his original answer, Jeanes affirmatively denied that he, individually, owned any of the properties in question, and sought sanctions against the Taxing Units for "repeatedly and knowingly" asserting that he is the owner of the properties. His counterclaim sought a declaratory judgment that he, individually, was not the owner.[3] Jeanes's own pleadings confirm that "[a]t all times relevant to this case, such real properties were owned by a general partnership organized, existing and operating under the provisions of the Texas Business Organizations Code." Neither Jeanes nor Sierra denied that taxes were delinquent on the properties or that Sierra owned the properties, and these facts were established by the Taxing Units at trial. The motion for new trial does not raise any meritorious defense to the Taxing Units' claims; its sole assertion is failure to serve Sierra.

The motion for new trial is silent on the third *Craddock* element, whether new trial would cause delay or undue prejudice. *See Drewery Constr. Co.*, 186 S.W.3d at 574. Because Sierra and Jeanes did not establish the three *Craddock* elements, we conclude that the trial court did not abuse its discretion by not granting the motion for new trial and allowing the motion to be overruled by operation of law. *Drewery Constr. Co.*, 186 S.W.3d at 574; *Continental Carbon Co.*, 27 S.W.3d at 187. We decide Jeanes's and Sierra's first two issues against them.

---

[3] The Taxing Units moved for and obtained dismissal of their claims as to one of the tracts in question, but amended their pleadings and pursued their claims on the remaining tracts against Jeanes and Sierra.

In their third issue, Jeanes and Sierra contend that without a valid judgment against Sierra, the judgment against Jeanes is invalid. *See* TEX. BUS. ORGS. CODE § 152.306(a) ("A judgment against a partnership is not by itself a judgment against a partner. A judgment may be entered against a partner who has been served with process in a suit against the partnership."). Appellants' only challenge to the judgment against Sierra, however, was the failure to serve Sierra with process, the argument raised in their first two issues. Because we have decided those issues against Jeanes and Sierra, we also decide their third issue against them.

## CONCLUSION

We affirm the trial court's judgment.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

171269F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

CHARLES WESLEY JEANES AND
SIERRA INVESTMENT ASSOCIATES,
Appellants

No. 05-17-01269-CV  V.

DALLAS COUNTY, DALLAS COUNTY
COMMUNITY COLLEGE DISTRICT,
DALLAS COUNTY SCHOOL
EQUALIZATION FUND, PARKLAND
HOSPITAL DISTRICT, AND CITY OF
RICHARDSON, Appellees

On Appeal from the 191st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. TX-16-00170.
Opinion delivered by Justice Lang-Miers;
Justices Bridges and Francis participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees Dallas County, Dallas County Community College District, Dallas County School Equalization Fund, Parkland Hospital District, and City of Richardson recover their costs of this appeal from appellants Charles Wesley Jeanes and Sierra Investment Associates.

Judgment entered this 31st day of October, 2018.